### HATTENDORF v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.  February 11, 1909.)

NEW TRIAL (§ 163*)—RESETTLED ORDER INCORRECTLY STATING FACTS—REVIEW.

> Where the record as made up by a resettled order granting a new trial does not correctly state the fact that the motion was made and entered at a Special Term, but states that the Trial Term had granted the motion when the motion was made before the justice at chambers after the trial term had terminated, the resettled order will be reversed on appeal therefrom.

> [Ed. Note.—For other cases, see New Trial, Dec. Dig. § 163.*]

> Clarke, J., dissenting.

Appeal from Trial Term, New York County.

Action by Rudolph Hattendorf, an infant, by guardian ad litem, against the New York City Railway Company.  From an order resettling an order granting a new trial after verdict for defendant, it appeals.  Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.

Henry L. Brant, for respondent.

INGRAHAM, J.  It appears from the recitals in the order appealed from that this case was tried at Trial Term and a verdict for the defendant rendered on the 7th of May, 1908.  After the rendition of that verdict, a motion was made to set it aside and for a new trial on the grounds stated in section 999 of the Code of Civil Procedure, which motion having been denied judgment was entered for the defendant.  On the 29th of October, 1908, after the term at which the action had been tried had adjourned, the justice before whom the case had been tried granted an order to show cause returnable before him at chambers why the plaintiff should not be allowed to renew his motion to set aside the verdict and for a new trial, and also asked for a new trial on the ground that the plaintiff was taken by surprise on the trial and upon the ground of newly discovered evidence.  Thereafter, on the 13th of November, 1908, an order was entered entitled, "At a stated term of the Supreme Court of the state of New York, county of New York, for the hearing of motions, held at the chambers thereof at the county

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

courthouse, city of New York, on the 9th day of November, 1908," and reciting that counsel for the defendant had appeared before the justice, and made timely objection to the jurisdiction of the justice while sitting in chambers to entertain a motion for a new trial on the ground of surprise, and on the ground of newly discovered evidence for the reason that a case had not been made, settled, and signed, and that the motion was not made upon such a case. The court then ordered that the plaintiff have leave to renew his motion made upon the minutes to set aside the verdict therein and for a new trial, and upon the renewed motion upon all the foregoing grounds the motion was granted with costs, the foregoing grounds being the grounds specified in section 999 of the Code of Civil Procedure—the fact that the plaintiff had been taken by surprise upon the trial and on the newly discovered evidence.

It will be noticed that this order is entered as at "a stated term" of the Supreme Court. Just what that means is not apparent, as no such term is provided either by statute or the rules of the court. This order having been entered on the 13th day of November, plaintiff on the 17th of November served a copy of the proposed order with a notice that it would be presented as a resettlement of this foregoing order. This proposed order was entitled as having been made "at a Trial Term of the New York Supreme Court, Part 5 thereof, held in and for the county of New York, at the New York county courthouse, in the borough of Manhattan, city of New York, on the 11th day of November, 1908." The proposed order differed in other respects from the order already entered, but the justice refused to resettle the order, except in so far as it recited that the court at which it was granted was a Trial Term, Part 5, and thereupon the order as originally entered was modified by changing it from a "stated term" of the Supreme Court to "Trial Term, Part 5," of the Supreme Court, and from the order directing this resettlement the defendant appeals.

It is not disputed but that the term at which the verdict had been rendered and the original order denying a new trial entered had terminated before this application was made. The statement contained in the caption of the resettled order that the order was made at a "Trial Term" of the Supreme Court, Part 5, is concededly false. No such order had been made at Trial Term, Part 5. The trial justice was not then presiding at Trial Term, Part 5. The record as made up by this resettled order does not, therefore, correctly state the fact that the motion had been made and entered at a Special Term, but states that the Trial Term of the court had granted the motion when the motion was made before the justice at chambers after the Trial Term, Part 5, had terminated. I think it entirely improper to make a record which is not correct upon its face, and that an order making such a record should be reversed on appeal therefrom.

It follows, therefore, that the order appealed from should be reversed and the motion to resettle the order denied, with $10 costs and disbursements to the appellant.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur. CLARKE, J., dissents.